# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### EL PASO DIVISION

| | |
|---|---|
| **MONIQUE MONSISVAIS,** | **Civil Action No.** `3:13-cv-109` |
| Plaintiff, | |
| vs. | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| **DIVERSIFIED COLLECTION SERVICES, INC.;** and **DOES 1 through 10, inclusive,** | |
| Defendants. | |

## COMPLAINT

### I.       INTRODUCTION

1.   This is an action for actual and statutory damages brought by Plaintiff, Monique Monsisvais, an individual consumer, against Defendant, Diversified Collection Services, Inc., for violations of the law, including, but not limited to, violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter ''FDCPA''), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II.       JURISDICTION

2.   Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in this District is proper in that the Defendant transacts business here.

### III.       PARTIES

3.   Plaintiff, Monique Monsisvais, is a natural person with a permanent residence in El Paso, El Paso County, Texas 79924.

4.   Upon information and belief, the Defendant, Diversified Collection Services, Inc., is a corporation engaged in the business of collecting debt in this state and in several other states, with its principal place of business located at 333 North Canyons Parkway, Suite 100, Livermore, Alameda County, California 94551. The principal purpose of Defendant is the collection of debts in this state and several other states, and Defendant regularly attempts to collect debts alleged to be due another.

5.   Defendant is engaged in the collection of debts from consumers using the mail and telephone.  Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a ''debt collector'' as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## IV.    FACTUAL ALLEGATIONS

6.   The debt that Defendant is attempting to collect on is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

7.   Within one (1) year preceding the date of this Complaint, Defendant, in connection with the collection of the alleged debt, attempted to communicate with Plaintiff at their place of employment after being informed that this inconvenienced Plaintiff and/or was conduct prohibited by Plaintiff's employer.

8.   Within one (1) year preceding the date of this Complaint, Defendant, in connection with the collection of the alleged debt, contact Plaintiff and threatened to garnish Plaintiff's wages.

9.   Defendant has no standing to commence garnishment proceedings on behalf of the creditor.

10.  Defendant is a debt collection company and as a debt collection company attempting to collection an alleged debt, Defendant can only refer the matter back to the creditor with a recommendation that the original creditor attempt legal proceedings which could result in garnishment.

11.  The representations made to Plaintiff by Defendant regarding garnishment were false.

12.  Within one (1) year preceding the date of this Complaint, Defendant, in connection with the collection of the alleged debt, contact Plaintiff by leaving a voicemail communication for Plaintiff in which the Defendant did not identify that the communication was from a debt collector.

13.  The natural consequences of Defendant's statements and actions were to unjustly condemn and vilify Plaintiff for her non-payment of the debt she allegedly owed.

14.  The natural consequences of Defendant's statements and actions were to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

15.  The natural consequences of Defendant's statements and actions were to cause Plaintiff mental distress.

16.  Defendant utilized unfair and unconscionable means to collect on Plaintiff's alleged debt, by lying to and misleading Plaintiff.

### V.    FIRST CLAIM FOR RELIEF

17.  Plaintiff repeats and realleges and incorporates by reference to the foregoing paragraphs.

18.  Defendant violated the FDCPA.  Defendant's violations include, but are not limited to, the following:

(a) Defendant violated *§1692c(a)(1)* of the FDCPA by communicating at a time or place known or which should be known to be inconvenient to the Plaintiff; and

(b) Defendant violated *§1692c(a)(3)* of the FDCPA by communicating with the Plaintiff at the Plaintiff's place of employment when the Defendant knew or had reason to know that the Plaintiff's employer prohibits the Plaintiff from receiving such communication; and

(c) Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of an alleged debt; and

(d) Defendant violated *§1692e* of the FDCPA by using a false, deceptive, or misleading representation or means in connection with the collection of the alleged debt; and

(e) Defendant violated *§1692e(4)* of the FDCPA by giving the false representation or implication that nonpayment of the alleged debt will result in the garnishment of wages of any person when such action is unlawful and the Defendant does not intend to take such action; and

(f) Defendant violated *§1692e(5)* of the FDCPA by threatening to take action that the Defendant does not intend to take and/or the Defendant cannot legally take; and

(g) Defendant violated *§1692e(10)* of the FDCPA by using false representation or deceptive means in connection with the collection  the alleged debt; and

(h) Defendant violated *§1692e(11)* of the FDCPA by failing to disclose in a communication subsequent to the initial communication that was not a formal pleading that the communication was from a debt collector; and

(i) Defendant violated *§1692f* of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt.

19.   Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

20.   As a result of the foregoing violations of the FDCPA, Defendant is liable to the Plaintiff, Monique Monsisvais, for declaratory judgment that Defendant's conduct violated the FDCPA, actual damages, statutory damages, and costs and attorney fees.

## VI.     SECOND CLAIM FOR RELIEF

21.   Plaintiff repeats, realleges, and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

22.   Plaintiff repeats and realleges and incorporates by reference the foregoing paragraphs.

23.   Defendant violated TDCPA § 392.  Defendant's violations of TDCPA § 392 include, but are not limited to the following:

(a) Defendant violated TDCPA § 392.304(19) by using any other false representation or deceptive means to collect on the alleged debt or obtain information concerning Plaintiff.

24.   Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

25.   As a result of the foregoing violations of the TDCPA, Defendant is liable to the Plaintiff for actual damages, statutory damages, attorney's fees, interests and costs, as a result of a violation of the TDCPA.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendant, Diversified Collection Services, Inc., for the following:

A.  Declaratory judgment that Defendant's conduct violated the FDCPA and TDCPA.

B.  Actual damages.

C.  Statutory damages.

D.  Costs and reasonable attorney fees.

E.  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law.

F.  For such other and further relief as the Court may deem just and proper.

DATED: April 05, 2013                    RESPECTFULLY SUBMITTED,

By: /s/ Kimberly A. Lucas
Kimberly A. Lucas, Esq.
State Bar No. 14991480
Kyle Mathis & Lucas, LLP
8226 Douglas Ave., Suite 450
Dallas, TX 75225
klucas@kylemathis.com
T: 214-706-7607
F: 214-706-7622
*Attorney for Plaintiff,*
*Monique Monsisvais*

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff Monique Monsisvais demands trial by jury in this action on all issues so triable. US Const. amend. 7. Fed.R.Civ.P. 38.